PER CURIAM.
Carlton Wilson, a pro se inmate, appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
In the action below, the trial court required the state attorney to file a response to Wilson’s motion. In its response, the state attorney argued that Wilson’s claim was conclusively refuted on the record; thus, his motion should be denied. The trial court, adopting the state’s response, summarily denied Wilson’s motion.
On the record before this court it appears that Wilson has been charged with various drug offenses in three different lower court cases: 99-18863; 99-17114; and, 99-13353.
Wilson’s motion for postconviction relief is directed at case number 99-18863. There, Wilson alleged that he was visiting a motel room registered to Lashakete Robinson. During Wilson’s visit, he contends the police entered the motel and after a search found $120.00 and crack cocaine. Despite the fact that he had no idea that drugs were contained therein, he was arrested.
In his motion, Wilson asserted because his lawyer did not adequately interview defense witnesses, the two occupants of the motel, Ms. Robinson and Ms. Kesha D., who would have testified that Wilson was not aware that the drugs were in the room, and research the law on “constructive possession,” his lawyer rendered ineffective assistance of counsel.
Wilson further claimed that if his lawyer had advised him of mere proximity and constructive possession, he would not have entered a plea. Instead, he would have proceeded to trial.
In its response below, the state contended that his claim was conclusively refuted on the record because Wilson overlooked that he had sold cocaine to an undercover police officer. In support of its argument, the state attached a probable cause statement dated October 19, 1999, reporting an undercover drug transaction where Wilson reportedly sold a $20 piece of crack cocaine to an undercover officer. No other facts are developed in the State’s response.
The facts of the probable cause statement attached by the state do not concur with the facts of the case referred to by Wilson in his motion. Specifically, Wilson claims in his motion he was arrested at the motel. In the case which resulted in the probable cause statement dated October 19, 1999, Wilson was arrested at his residence. On the record before this court, there is no way of determining whether the probable cause statement attached to the state’s response pertains to case number 99-18863.
Accordingly, the trial court shall either attach those portions of the record that conclusively refute this claim or, shall con *1068 duct an evidentiary hearing on it to determine whether counsel was ineffective.
KLEIN, SHAHOOD, and HAZOURI, JJ., concur.